

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHKAN RAJAEE,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>TYLER BRANDON DAVIS, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 24-cv-549-RSH-KSC<br><br>**ORDER GRANTING THIRD REQUEST TO STAY CASE FOR 60 DAYS**<br><br>[ECF No. 26] |

Ashkan Rajaee is a Plaintiff in three related cases pending before the Court. *See Rajaee v. Davis*, *et al.*, Case Nos. 24-cv-1-RSH-KSC; 24-cv-549-RSH-KSC; 24-cv-550-RSH-KSC. On February 26, 2024, Plaintiff filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of California. *See In re Rajaee*, U.S.B.C. Case No. 24-00617-CL7 (Bankr. S.D. Cal.) at ECF No. 1. On May 9, 2024, the bankruptcy court entered an order converting the bankruptcy from Chapter 11 to Chapter 7 and appointed a Trustee pursuant to 11 U.S.C. § 704. *Id.* at ECF No. 37. The Trustee thereafter appeared in this action, and on June 5, 2024, filed a motion to stay proceedings for 90 days. ECF No. 22. The Court granted the motion. ECF No. 23.

On September 6, 2024, the Trustee requested an additional 90-day stay. ECF No. 24. The Trustee reported that the Parties were engaged in meaningful settlement discussions. The Court granted the motion. ECF No. 25.

On October 23, 2024, the Trustee filed a motion to approve a settlement reached with Defendants in the Bankruptcy Court. *See In re Rajaee*, U.S.B.C. Case No. 24-00617-CL7 (Bankr. S.D. Cal.) at ECF No. 124. Plaintiff opposed the settlement. *Id.* at ECF No. 141. On November 25, 2024, the Bankruptcy Court conducted a hearing on the Trustee's settlement motion. *Id.* at ECF No. 148. The Trustee's motion is under submission with the Bankruptcy Court.

On December 9, 2024, the Trustee filed a status report requesting a 60-day extension of the stay while the Bankruptcy Court considers whether to approve the settlement, which approval would result in settlement payments and dismissal of this case. ECF No. 26.

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Here, the Trustee has exercised its power to prosecute and potentially settle the claims of Plaintiff's estate. *See In re DiSalvo*, 219 F.3d 1035, 1039 (9th Cir. 2000) ("In Chapter 7 liquidation proceedings, only the trustee has standing to prosecute or defend a claim belonging to the estate."). Given the motion to approve the settlement pending in the Bankruptcy Court, the numerous pending motions in this and the related cases, and the prospects of a global resolution to the litigation, the Court finds good cause exists to stay this proceeding for an additional 60 days. The Court **GRANTS** the Trustee's motion [ECF No. 26]. The Trustee is **ORDERED** to file a status report 60 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: December 10, 2024

_____
Hon. Robert S. Huie
United States District Judge