UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHKAN RAJAEE,<br><br>                                        Plaintiff,<br><br>   v.<br><br>TYLER BRANDON DAVIS, et al.,<br><br>                                        Defendants. | Case No.: 24-cv-549-RSH-KSC<br><br>**ORDER DENYING PLAINTIFF'S RULE 60 MOTION**<br><br>[ECF Nos. 30, 38] |

Pending before this Court is a motion for relief under Federal Rule of Civil Procedure 60, filed by plaintiff Askhan Rajaee. ECF No. 30. As set forth below, the Court denies the motion.

**I.   BACKGROUND**

On March 22, 2024, Plaintiff, proceeding pro se, initiated this action against Tyler Davis; TopDevz, LLC ("TopDevz"); and other defendants. ECF No. 1. This is the second of three lawsuits that Plaintiff filed in this Court in early 2024 alleging misfeasance by a former business partner and associated others. *See* Case Nos. 24-cv-1, 24-cv-550 (S.D. Cal.).

Shortly before filing this lawsuit, on February 26, 2024, Plaintiff and his wife Nassim Rajaee (the "Debtors") filed for bankruptcy relief under chapter 11 with the United States Bankruptcy Court for the Southern District of California. *See In re Rajaee*, No. 24-bk-00617-CL7 (Bankr. S.D. Cal.) at ECF No. 1. On May 9, 2024, the Bankruptcy Court entered an Order converting the Debtors' bankruptcy from chapter 11 to chapter 7. *See In re Rajaee*, ECF No. 37. The Bankruptcy Court appointed Christopher R. Barclay (the "Trustee") as the duly authorized chapter 7 trustee of the Debtors' bankruptcy estate. *See id.*

The Trustee thereafter appeared in this lawsuit on May 31, 2024. ECF No. 21. Pursuant to federal bankruptcy law, upon his appointment, the Trustee became "the representative of the [bankruptcy] estate" with the "capacity to sue and be sued." 11 U.S.C. § 323. *See also* Fed. R. Bankr. P. 6009 ("With or without court approval, the trustee … may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor … before any tribunal.").

On December 30, 2024, the Trustee filed a notice of voluntary dismissal. ECF No. 28. The same day, the Court entered an order dismissing the action with prejudice. ECF No. 29. Plaintiff did not challenge in this Court the ability of the Trustee to represent the Debtors' bankruptcy estate, or to compromise, settle, or otherwise dispose of Plaintiff's claims; nor did Plaintiff attempt to appeal the dismissal.

On August 18, 2025, Plaintiff filed his Rule 60 motion. ECF No. 30. His motion is identical to Rule 60 motions he filed on the same day in his two related federal cases. Plaintiff argues that the Court's dismissal is "void" because it "give[s] effect to a prior judgment that is void," referring to an August 15, 2023 judgment of the California Superior Court for the County of San Diego in Case No. 37-2022-00026691, issued August 15, 2023. Plaintiff contends that that judgment was "void and procured by fraud." *Id.* at 7. He refers to that judgment as the "Void San Diego Judgment" or the "VJSD." *Id.*

//

## II. DISCUSSION

Plaintiff's motion invokes Rule 60(b)(4), (b)(6), and (d)(3). ECF No. 164 at 2. Those portions of Rule 60 provide:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (4) the judgment is void; [or]
>
> . . . .
>
> (6) any other reason that justifies relief.
>
> (d) **Other Powers to Grant Relief.** This rule does not limit a court's power to:
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60.

The Court previously entered an order of dismissal on December 30, 2024, following a notice of voluntary dismissal filed earlier that day by the Trustee. ECF Nos. 28, 29. Because the notice of voluntary dismissal was made pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), it was legally effective to dismiss the case without further court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing … a stipulation of dismissal signed by all parties who have appeared.").

Plaintiff's motion does not undertake to explain, in any intelligible way, why the Court's dismissal of his case is void or why he is otherwise entitled to relief under Rule 60. Although Plaintiff clearly takes issue with the August 13, 2023 Superior Court judgment against him, it is not clear how that judgment—even if erroneous—renders void the dismissal of this action. Although Plaintiff's related lawsuit in Case No. 24-cv-1 sought to

overturn that Superior Court judgment, the instant action does not. The Complaint here does not even mention the Superior Court judgment.

It appears that Plaintiff's Rule 60 motion in this case is simply a duplicate of the Rule 60 motion he drafted for filing in Case No. 24-cv-1. There is no basis for granting the motion.[1]

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion [ECF No. 30] is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 31, 2025

_____
Hon. Robert S. Huie
United States District Judge

---

[1] Plaintiff has also filed a motion to strike various documents filed by defendants and to issue an order to show cause regarding sanctions. ECF No. 38-40. The motion recites a list of grievances and is without merit. Additionally, the Court did not rely on the filings that Plaintiff seeks to strike. The motion appears to be an attempt to harass Plaintiff's opponents, in a case that was dismissed almost a year ago. The Court **DENIES** Plaintiff's motion.